# NEW SERIES.

## Causes Argued and Determined in the Circuit Courts of Ohio.

### Volume I. New Series.

#### COLLATERAL INHERITANCE TAX—BEQUESTS TO DENOMINATIONAL BOARDS.

[Circuit Court of Hamilton County.]

HUMPHREYS, EXECUTOR, v. STATE OF OHIO.

*Notice of Appeal by the State—Exemptions under the Collateral Inheritance Tax Law—Charitable Institutions Incorporated under the laws of other states.*

1. Where the state is a party to a suit, and prosecutes an appeal, notice entered upon the record is a proper notice of appeal.
2. The exemption in the Ohio collateral inheritance tax law of bequests for the use of institutions for purposes of purely public charity should be limited to bequests to purely Ohio institutions. Denominational corporations, organized under the laws of other states, are not a care of the state of Ohio, and bequests to such institutions are not entitled to the exemption, notwithstanding they are organized for purely charitable purposes, and some portion of such bequests may be used in Ohio.

The statement of facts in this case is taken from the opinion of Judge Hollister, rendered in the Court of Common Pleas, and now affirmed.[1]

---

[1] This case is now pending in the Supreme Court of Ohio.

The Facts Stated.

Isabella Brown made by will large bequests to several of the boards of the Presbyterian Church, and to other charitable institutions.

These boards are incorporated under the laws of states other than Ohio and are under the supervision and control of the General Assembly of that church. The General Assembly is a representative body composed of delegates from Presbyterian Churches in all parts of the United States, and meets annually. Generally speaking, the moneys disbursed by the boards in carrying on the charitable work of the church is spent partly in Ohio, but the major part of it is used elsewhere. For instance, the Board of Foreign Missions of the Presbyterian Church maintains two homes for the education in Ohio of the children of foreign missionaries; the Board of Church Erection Fund has erected churches in this state at a cost of more than $240,000; the Board of Home Missions assists in sustaining the preaching of the gospel in churches and congregations in Ohio.

The members of that church in this state are about one-eleventh of the entire membership in the United States, and contribute largely to the funds of the church expended by its various incorporated boards in the special kind of charitable work undertaken by each.

The question involved in this case is whether or not the specific bequests made by Mrs. Brown to several of these boards are taxable under the so-called collateral inheritance tax laws of Ohio found in 94 O. L., 101 (the act of April 6, 1900, 2731-1 R. S.) It is conceded that the provisions of the act would apply to these bequests unless they may be brought within the saving clause of that act, which reads:

"Property or interests in property . . . embraced in any bequest, devise or transfer or conveyance to, or for the use of the state of Ohio, or to or for the use of any municipal corporation or other political subdivision of said state for exclusively public purposes, or public institutions of learning, *or to or for the use of any institution in said state for purposes of purely public charity,* or other exclusively public purposes . . ."

It is conceded by counsel for the state that these bequests are for purposes of purely public charity, but it is claimed that none of the boards of the Presbyterian Church named in Mrs. Brown's will are institutions in this state within the meaning of the law.

Lawrence Maxwell, Jr., representing the various organizations named in the will, cited as to notice of appeal, Section 6408 R. S.; Willis v. Willis, 20 O. C. C., affirmed without report, 38 Bull., 300; followed in Browne v. Wallace, 21 O. C. C., 417.

On the question of liability for collateral inheritance tax, Gerke v. Purcell, 25 O. S., 229, 244; Rice v. Bradford, 63 N. E. 7; Morawetz on Corps. (2d Ed.), Sec. 1046, p. 1006; State v. Standard Oil Co., 49 O. S., 137 (1st Syl.)

Hoffheimer, Morris & Sawyer cited on behalf of the state: 2 Bates Digest, col. 2229, note 157, citing 46 O. B., 155; 42 O. H., 128; 19 O., 110; Cooper v. Shaw, 176 Mass., 190; Estate of Prime, 136 N. Y., 347; Estate of Ballies, 144 N. Y., 132; Alfred University v. Hancock, 46 Alt., 148; People v. Seamens' Friends Society, 86 Ill., 246; Keck v. Douglass, 6 C. C., 649; 57 O. S., 234; 66 O. S., 57.

SWING, J.

We think the judgment of the Court of Common Pleas should be affirmed.

The court did not err in refusing to dismiss the appeal from the Probate Court.

The provision in Section 6408, R. S., which requires a written notice to be given, does not apply to the state of Ohio. We find no provision of the statute which does, in terms, apply to the state taking an appeal, therefore, under Section 6411, R. S., Section 5227, R. S., is the section which governs, and under it a notice entered on the records is a proper notice of appeal.

The bequests are to institutions organized for purely public charities, but in our opinion are not institutions in the state of Ohio. They are all incorporated under the laws of other states, and while controlled exclusively by the Presbyterian Church, which church has a very large membership in the state of Ohio, this is not sufficient to make these institutions Ohio institutions within the meaning of this act. The object of the act,

we think, was to limit the exemptions to purely Ohio institutions, and this can not be claimed of any of these institutions. The state must be presumed to have a care for only its own people and its own institutions. While most of these institutions dispense public charity in Ohio, not all of them do. For instance, the Board of Freedmen's Missions is a corporation under the laws of Pennsylvania, and its charitable work is among the freedmen of the South, so that the only way that this can be considered an Ohio institution is from the fact that a portion of the Presbyterian Church is in Ohio. It seems to us that to hold that this is an institution of Ohio would be beyond the meaning of the statute. As to those other charities which operate in Ohio, as far as these bequests are concerned, it is not required, nor is it contemplated that they shall be used exclusively in Ohio. It is possible that all of the bequests may be expended outside of Ohio. No doubt these institutions are in their broadest sense national, although incorporated under the laws of different states, and that the Presbyterians of Ohio furnish a large portion of that organization, but being national is the reason why it is not an Ohio institution within the meaning of the act.

*Lawrence Maxwell, Jr.,* for plaintiff in error.

*Hoffheimer, Morris & Sawyer,* prosecuting attorneys, contra.